UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS TENNANT,

Plaintiff,

v.

LJ ROSS ASSOCIATES, INC.,

Defendant.

Case No. 17-cv-12486

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13]

### I. INTRODUCTION

Presently before the Court is Defendant, LJ Ross Associates, Inc.'s, Motion for Summary Judgment. Dkt. No. 13. Plaintiff's complaint alleges violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Defendant asserts that Plaintiff has not brought enough evidence to prove either of these claims. For the reasons discussed below, this Court will grant Defendant's Motion.

### II. FACTUAL BACKGROUND

On March 4, 2014, Beaumont Royal Oak Hospital referred a debt obligation owed by Plaintiff Nicholas Tennant to the Defendant for collection. Dkt. No. 13,

1

pg. 12 (Pg. ID 52). Defendant then sent Plaintiff a collection letter and reported the debt to credit reporting agencies as due. *Id.* The parties reached a settlement on the debt. *Id.* Plaintiff made an agreed-upon settlement payment, and Defendant reported Plaintiff's debt to the credit bureaus as paid in full with a zero balance. *Id.* On October 4, 2016, Plaintiff filed a dispute. *Id.* Plaintiff's dispute stated that Defendant said it would delete the account of his debt from his credit report. *Id.* at pg. 13 (Pg. ID 53). Defendant then launched an investigation to discover if it had actually told Plaintiff it would delete the account of his debt from his credit reports. *Id.* Defendant did not delete the account of Plaintiff's debt from his credit reports because Defendant found that the reported information of Plaintiff having the debt was accurate. *Id.*

On June 16, 2017, Plaintiff filed a complaint in the State of Michigan 44th District Court. Dkt. No. 1, pg. 5 (Pg. ID 5). Plaintiff's complaint consists of a single form document in which he stated that Defendant "is falsely reporting to my credit report resulting [in] lower credit score and therefore higher interest and loan payments." *Id.* Defendant removed the action to this Court on August 1, 2017. Dkt. No. 1. Defendant filed its Motion for Summary Judgment on March 23, 2018. Dkt. No. 13. Plaintiff did not file a response. Plaintiff failed to appear at a deposition after Defendants served him with a subpoena, and Plaintiff has not answered or returned phone calls from Defendant's counsel. Dkt. No. 13, pg. 11 (Pg. ID 51).

2

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) governs summary judgment. The Rule states, "summary judgment shall be granted if 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). "All factual inferences 'must be viewed in the light most favorable to the party opposing the motion.'" *Id.* (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. DISCUSSION

Plaintiff's complaint consists of a one-page form document. Dkt. No. 1, pg. 5 (Pg. ID 5). In the complaint, Plaintiff alleges that Defendant "is falsely reporting to my credit report resulting [in] lower credit score and therefore higher interest and loan payments." *Id.* The complaint does not state exactly under what statutes or other theories Plaintiff is suing Defendant. However, based on the language of

Plaintiff's reasons for bringing the claim and Defendant's Motion, this Court will assess Plaintiff's claims under the FCRA and FDCPA.

1. **Fair Credit Reporting Act**

The FCRA allows consumers to bring suit to recover actual damages from "[a]ny person who is negligent in failing to comply with any requirement imposed . . . with respect to any consumer" under the Act. 15 U.S.C. § 1681o. A consumer may seek actual or statutory damages when a person "willfully fails to comply with any requirement imposed . . . with respect to any consumer." *Id.* at § 1681n; *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012). Under the FCRA, a person cannot furnish inaccurate information about a consumer to any consumer reporting agency. 15 U.S.C. § 1681s-2(a)(1)(A). If a person receives notice of a dispute about the accuracy of any information that the person provides to a consumer reporting agency, then the person must conduct an investigation with respect to the disputed information. *Id.* at § 1681s-2(b)(1)(A).

In this case, Plaintiff brought a dispute to the Defendant regarding the account of his hospital debt appearing on his credit report. Defendant conducted an investigation, as outlined in the declaration of Nichole Clemons, compliance specialist for Defendant. Dkt. No. 13-1, pg. 6 (Pg. ID 68). After the investigation, Defendant concluded that the reported information regarding Plaintiff's debt with Beaumont Hospital was accurate. *Id.* Therefore, it did not remove the account of

4

Plaintiff's debt from his credit report. *Id.* Defendant has brought sufficient evidence to prove that it did not violate the FCRA by reporting inaccurate credit information or failing to conduct an investigation. Plaintiff has brought forth no counter evidence suggesting that Defendant violated the FCRA. Plaintiff only brings forth the allegation in his complaint that Defendant falsely reported information on his credit report. Therefore, this Court holds that Defendant is entitled to summary judgment on Plaintiff's FCRA claim.

### 2. Fair Debt Collection Practices Act

The FDCPA prohibits a debt collector from using false, deceptive, or misleading representation to collect a debt. 15 U.S.C. § 1692e. This includes falsely representing the character or amount of any debt to collect a debt. *Id.* at § 1692e(2)(A).

Here, Defendant has brought forth evidence to show that it correctly reported Plaintiff's debt. Defendant received information from Beaumont hospital about Plaintiff's debt and worked with Plaintiff to collect the debt. After Plaintiff filed a dispute, Defendant conducted an investigation to ensure that it had accurately reported the debt. Defendant's investigation concluded that it did not err in reporting Plaintiff's debt. Plaintiff brings no counter evidence to suggest that Defendant falsely reported his debt. Therefore, Defendant is also entitled to summary judgment under the FDCPA.

## V. Conclusion

For the reasons discussed herein, the Court will grant Defendant's Motion.

SO ORDERED.

Dated:   May 18, 2018

                                                       <u>s/Gershwin A. Drain</u>
                                                       HON. GERSHWIN A. DRAIN
                                                       United States District Court Judge